RECEIVED
FEB - 6 2012
CHAMBERS OF
U.S. DISTRICT JUDGE
ELDON E. FALLON

IN THE UNITED STATES DISTRICT COURT
For The Eastern District of Louisiana
NEW ORLEANS Division

UNITED STATES OF AMERICA,
  Plaintiff-Respondent,
vs.                                   CASE no. 97-85-L
Scott Cyprian,
  Defendant-Movant.

## MOTION FOR REDUCTION AND/OR MODIFICATION OF SENTENCE

     COMES NOW SCOTT CYPRIAN, FEDERAL PRISON NUMBER 25556-034, THE DEFENDANT - MOVANT IN THE ABOVE STYLED CAUSE, AND HEREBY RESPECTFULLY MOVES THIS HONORABLE COURT, PURSUANT TO 18 U.S.C. § 3582 (C)(2) AND THE FEDERAL SENTENCING COMMISSIONS RESENT RETROACTIVE APPLICATION OF AMENDMENT 748 TO THE **FEDERAL SENTENCING GUIDELINES MANUAL**, § 201.1 (C) - - WHICH NOW PERMITS FEDERAL PRISONERS WHO ARE SERVING SENTENCING FOR CRACK COCAINE RELATED OFFENSES TO OBTAIN A REDUCTION IN THOSE SPECIFIC SENTENCES IN ACCORDANCE WITH THE FAIR SENTENCING ACT OF 2010, PUB.L. 111-220, 124 STAT. 2372-- TO REDUCE AND OR MODIFY HIS FEDERALLY IMPOSED (210) MONTH SENTENCE.

## STATEMENT OF THE CASE

A. **PRCEDURAL HISTORY**

     THE DEFENDANT - MOVANT SCOTT CYPRIAN, HEREINAFTER, "MOVANT," WAS PREVIOUSLY CONVICTED BY THIS COURT TO A THREE-COURT INDICTMENT, VIOLATIONS OF 21 U.S.C. 846 + 841 (A)(I), AND 861(A)(2) CONSPIRACY TO POSSES WITH INTENT TO DISTRIBUTE COCAINE BASE (CRACK) POSSESSION WITH INTENT TO DISTRIBUTE COCAINE BASE (CRACK) , USE OF A PERSON UNDER 14 YEARS OF AGE IN AVOIDING DETECTION OR APPREHENSION BY A FEDERAL LAW ENFORCEMENT OFFICIAL FOR POSSESSION WITH INTENT TO DISTRIBUTE COCAINE BASE (CRACK). THIS COURT DETERMINED MOVANT'S TOTAL BASE LEVEL TO BE A 39 (262 TO 327 MONTHS IMPRISONMENT) AND IMPSED A SENTENCE OF 262 MONTHS IMPRISONMENT, THE LOW END OF THE AVAILABLE GUIDELINE RANGE ON DECEMBER 9TH 2008 MOVANT RECEIVED A 2 POINT REDUCTION UNDER 18 U.S.C.§ 3582 (C)(2) PURSUANT TO 28 U.S.C.§ 994 (U) BRINGING

A TOTAL BASE LEVEL OF 37 (210 TO 262 MONTHS IMPRISONMENT), THE LOW END OF THE AVAILABLE GUIDELINE RANGE.

ON JUNE 30, 2011 THE UNITED STATES SENTENCING COMMISSION ("THE COMMISSION") VOTED TO MAKE THE AFFECTS OF THE 18 TO 1 CRACK COCAINE ADJUSTMENTS OF 21 U.S.C.§ 841(A)(1) FOUND IN THE **FAIR SENTENCING ACT,** PUB. L. 111-220,124 STAT. 2372 ("FSA"), RETROACTIVITY AVAILABLE TO FEDERAL PRISONERS STILL SERVING SENTENCES FOR CRACK COCAINE OFFENSES UNDER USSG § 2D1.1(C). THIS RETROACTIVE APPLICATION WAS MADE AVAILABLE TO PRISONERS SERVING CRACK COCAINE SENTENCES THROUGH AMENDMENT 748, WHICH, AMONG OTHER THINGS, ADJUSTED DOWNWARD THE BASE OFFENSE LEVELS FOR CRACK COCAINE POSSESSION OFFENSES. ACCORDINGLY, AMENDMENT 748 IS RETROACTIVELY AVAILABLE TO MOVANT'S CRACK COCAINE SENTENCES.

(I) **STANDARD OF REVIEW**

AS AN INITIAL MATTER, MOVANT URGES THAT THIS COURT REVIEW HIS PLEADINGS UNDER THE STANDARDS REQUIRED FOR THE PRO SE LITIGANTS, AND CONSTRUE THE SAME LIBERALLY UNDER LESS STRINGENT STANDARDS THAN THOSE PLEADING DRAFTED BY ATTORNEYS. **MENDOZA VS. STRICKLAND**, 2011 U.S. APP. LEXIS 2257 (5TH CIR. FEB.3, 2011)

(II) **RE-SENTENCING ISSUES**

THE VERY ISSUE FOR THIS COURT TO CONSIDER IS WHETHER MOVANT IS ELIGIBLE FOR RE-SENTENCING UNDER 18 U.S.C. § 3582(C)(2), AND THE CURRENTLY AMENDED SENTENCING GUIDELINES THAT MAKES THE NEW PENALTIES OF THE FSA AVAILABLE TO FEDERAL PRISONERS STILL SERVING TERMS OF IMPRISONMENT FOR CRACK COCAINE OFFENSES UNDER USSG § 201.1(C). HERE, MOVANT URGES THIS COURT TO ANSWER THIS PARTICULAR QUESTION IN THE AFFIRMATIVE WHERE HIS CASE PRESENTS THIS COURT WITH ONE OF THOSE RARE CIRCUMSTANCES THAT CLEARLY WARRANT A REDUCED SENTENCE. ONE SUCH CIRCUMSTANCE IS THAT PROVIDED BY 18 U.S.C. § 3582(C)(2), UNDER WHICH A DISTRICT COURT HAS DISCRETION "TO REDUCE A TERM OF IMPRISONMENT WHEN IT IS BAED UPON A SENTENCING RANGE THAT HAS SUBSEQUENTLY BEEN LOWERED BY AN AMENDMENT TO THE SENTENCING GUIDELINES, IF SUCH A REDUCTION IS CONSISTENT WITH THE POLICY STATEMENTS ISSUED BY THE SENTENCING COMMISSION. "UNITED STATES VS. CALLIES, 2011 U.S.

APP. LEXIS 7707 (5TH CIR. APRIL 13, 2011) CITING **DILLON VS. UNITED STATES,** 130 S. CT. 2683, 2691, 177 L. ED. 2D 271 (2010).

MOVANT ASKS THAT THIS COURT REDUCE HIS SENTENCE BASED ON AMENDMENT 748, WHICH IMPLEMENTED PROVISIONS OF THE FSA, MOVANT RESPECTFULLY ARGUES, DIRECTED THAT THE COMMISSION PROMULGATE EMERGENCY AMENDMENTS TO THE GUIDELINES THAT WOULD BRING THE GUIDELINES INTO CONFORMITY WITH THE ACT'S SUBSTANTIVE PROVISIONS. SEE 124 STAT. AT 2374. THE ACTUAL RESULT OF THAT DIRECTIVE WAS AMENDMENT 748, WHICH, AMONG OTHER THINGS, ADJUSTED DOWNWARD THE BASE OFFENSE LEVELS FOR CRACK COCAINE POSSESSION OFFENSES. ALTHOUGH AMENDMENT 748 WAS ORIGINALLY A TEMPORARY, EMERGENCY AMENDMENT, ON JUNE 30, 2011, THE COMMISSION VOTED TO MAKE THAT AMENDMENT RETROACTIVELY AVAILABLE TO ALL ELIGIBLE FEDERAL PRISONERS STILL SERVING SENTENCES THAT RESULTED FROM THE IMPOSITION OF § 2D1.1(C)'S CRACK COCAINE ENHANCEMENT PROVISIONS, WHICH SUBSTANTIALLY REDUCED THOSE PRISONERS' TERMS OF IMPRISONMENT ON THE BASIS OF THE 18 TO 1 PENALTY RATION FOUND WITHIN THE FSA. SEE U.S.S.G. APPENDIX C, AMENDMENT 750; 76 FED. REG. 41332-41335 (JULY 13, 2010). THEREFORE, ABSENT CONGRESSIONAL ACTION TO THE CONTRARY, AMENDMENT 748, THROUGH AMENDMENT 750, WILL BE GIVEN RETROACTIVE AFFECT ON NOVEMBER 1,2011, THE DATE THAT MOVANT'S INSTANT § 3582(C)(2) MOTION FOR REDUCTION OF SENTENCE IS BEING FILED WITH THIS COURT. **ID**. AT 41332.

FURTHERMORE, WHERE MOVANT IS PRESENTLY SERVING A TERM OF IMPRISONMENT, AND HIS GUIDELINES RANGE APPLICABLE TO HIM HAS SUBSEQUENTLY BEEN LOWERED AS A RESULT OF THE RETROACTIVE APPLICATION OF AMENDMENT 748, THROUGH AMENDMENT 750, TO THE GUIDELINES LISTED IN U.S.S.G. § 1B1. 10(C) A REDUCTION OF MOVANT'S SENTENCE IS NOW AUTHORIZED UNDER § 3582(C)(2). U.S.S.G. § 1B1.10(A)(1) (2010). SEE ALSO 28 U.S.C. § 994(0).

(III) **POST-REHABILITATION UNDER 18 U.S.C.§ 3553(A)(C4).**

IN ACCORDANCE WITH U.S.C. § 3553(A)(4), MOVANT URGES THAT THIS COURT CONSIDER GRANTING HIM A REDUCTION IN HIS SENTENCE BY ONE ADDITIONAL OFFENSE LEVEL ON THE BASIS OF HIS POST-SENTENCE REHABILITATION. SPECIFICALLY THIS COURT, IN ACCORDANCE WITH SECTION 3553 (A)(4) FACTORS, MAY CONSIDER THE PROGRESS THAT MOVANT HAS MADE SINCE HIS INCARCERATION. THUS, WHERE MOVANT HAS SUCCESSFULLY COMPLETED AND OBTAINED NUMEROUS CERTIFICATES FOR HIS PARTICIPATION IN

VARIOUS BUREAU OF PRISONS PROGRAMS. MOVANT HAS ALSO COMPLETED A VOCATIONAL TRAINING/SKILL TRADE IN HVAC/AIR CONDITIONING AND REFRIGERATION. HIS CERTIFICATION IS A UNIVERSAL TYPE 1,2,3, AND 18 MONTH COURSE. MOVANT ALSO IS A LICENSE MINISTER. THESE ACCOMPLISHMENTS WILL ENABLE HIM TO PEFORM SUCCESSFULLY IN SOCIETY. COPIES ARE ATTACHED. THIS COURT IS ASKED TO REDUCE MOVANT'S SENTENCE UNDER THE COURT'S INHERENT AUTHORITY VESTED IN § 3553(A).

**IN CONCLUSION,** MOVANT FURTHER REQUEST THAT THIS COURT APPOINT COUNSEL TO REPRESENT HIS INTERESTS IN THIS JUDICIAL MATTER BROUGHT PURSUANT TO U.S.C. § 3582(C)(92), AND THAT SHOULD ANY RESPONSIVE PLEADINGS BE DEEMED NECESSARY BY THIS COURT, THEN, IN THE EVENT THAT THE COURT FIND THAT MOVANT IS NOT ELIGIBLE FOR APPOINTMENT OF COUNSEL HE BE GIVEN A REASONABLE AMOUNT OF TIME FOR WHICH HE MUST PREPARE AND FILE ANY SUCH PLEADINGS.

**WHEREFORE THE FOREGOING** CONSIDERED, THIS COURT IS RESPECTFULLY URGED TO GRANT THE RELIEF HEREIN, ON THE BASIS OF MOVANT'S POST-SENTENCING REHABILITATION EFFORTS THAT THIS COURT FURTHER REDUCE HIS GUIDELINES RANGE - ADDITIONALLY, THAT THIS COURT GRANT ANY AND ALL RELIEF AVAILABLE TO THIS MOVANT. AND, BECAUSE THIS COURT HAD ORIGINALLY IMPOSED A SENTENCE AT THE LOW END OF MOVANT'S GUIDELINE RANGE, THEN THE COURT IS ASKED TO EXERCISE HITS INHERENT DISCRETION AND IMPOSE THE LOW GUIDELINE RANGE. THE LOW END OF THE APPLICABLE GUIDELINES RANGE SENTENCE OF IMPRISONMENT FOLLOWING ALL THE REQUESTED REDUCTIONS SET FORTH ABOVE IN THE INSTANT § 3582(C)(2) MOTION.

DATE: FEBRUARY 3, 2012

RESPECTFULLY SUBMITTED

*Scott Cyprian*

SCOTT CYPRIAN / PRO SE
REG# 25556-034
VOLUNTEERS OF AMERICA "HALFWAY HOUSE"
2929 ST. ANTHONY ST.
NEW ORLEANS , LA 70122