UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| V. | NO. 97-85 |
| SCOTT CYPRIAN | SECTION "L" |

**ORDER & REASONS**

Pending before the Court is Defendant Scott Cyprian's motion to terminate his supervised release term. R. Doc. 103. The Government opposes the motion. R. Doc. 107. Having considered the parties' arguments and the applicable law, the Court now rules as follows.

I.   BACKGROUND

On June 24, 1998, Scott Cyprian was sentenced to a 262-month term of imprisonment after a jury found him guilty of conspiracy to possess with intent to distribute a quantity of cocaine base, possession with intent to distribute a quantity of cocaine base, and use of a juvenile to assist in avoiding detection or apprehension by law enforcement, in violation of 21 U.S.C. §§ 841(a)(1), 846, 861(a)(2). R. Doc. 67. Cyprian was also sentenced to a ten-year term of supervised release following his period of incarceration. R. Doc. 67. On December 9, 2008, Cyprian's sentence was reduced under 18 U.S.C. § 3582(c)(2) to 210 months. R. Doc. 93. Cyprian's term of supervised release began on June 28, 2012. To date, he has served about seven and a half years of his ten-year term.

II.  PENDING MOTION

On February 6, 2020, Cyprian filed the instant motion seeking early termination of his term of supervised release. R. Doc. 103. Cyprian represents that his supervising officer, Reginald White, consents to and supports the filing of the motion. R. Doc. 103 at 2. Cyprian argues that early

termination of his supervised release would serve the interest of justice. R. Doc. 103 at 3. He argues that he does not pose a recidivism risk and that his "conduct since release personifies change, cooperation, and absolute compliance." R. Doc. 103 at 4. Specifically, he discusses the 18 U.S.C. § 3553 factors and argues that his financial penalties are fully satisfied, he has been fully compliant since his release from prison, and poses "a very low likelihood to commit future crimes" based on his low criminal history score. R. Doc. 103 at 5. Further, Cyprian explains that he has fully reintegrated into the community, obtained his HVAC certification, and is gainfully employed. R. Doc. 103 at 7. Cyprian further discusses the strength of his faith and support system, explaining that he and his wife started a charity that provides backpacks, gifts, and food to children in need. R. Doc. 103 at 7. He credits his wife and two surviving adult children to being "a rock in some of the hardest times." R. Doc. 103 at 8.

The government opposes the motion. R. Doc. 107. Notably, the government asserts that Cyprian's probation officer, Reginald White, does not agree that Cyprian's supervised release should be terminated. R. Doc. 107 at 2. The government argues that early termination of supervised release is not appropriate when a defendant merely demonstrates "compliance with supervision conditions and the law." R. Doc. 107 at 2. The government takes the position that Cyprian has not identified any new or exceptional circumstances warranting early termination, especially in light of the severity of his offenses of conviction. R. Doc. 107 at 3.

### III.   LAW & DISCUSSION

Under 18 U.S.C. § 3583(e)(1), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice," after considering the factors set forth in 18 U.S.C. § 3553(a). Among the factors a court must weigh are the nature of the offense, the history and characteristics of the defendant,

the need for the sentence to deter criminal activity, the need to protect the public, the need to provide the defendant with educational or vocational training, and the kinds of sentences and sentencing ranges available. *See* 18 U.S.C. § 3553(a). Section 3583(e)(1) provides courts with broad discretion in determining whether to terminate supervised release. *See United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998).

Cyprian has been compliant with the terms of his supervised release for over seven and a half years. He has been gainfully employed since his release from incarceration and owns two businesses and a not-for-profit organization that provides aid to children in need. The Court commends Cyprian for his record of compliance and demonstrated commitment to personal fulfillment and the betterment of his community. Nevertheless, in light of the severity of Cyprian's offenses of conviction, the Court concludes that his record does not justify early termination. Notably, Mr. Cyprian has not articulated why early termination of his supervised release is warranted, nor has he identified any specific hardship he suffers as a result of the conditions of supervised release. *See United States v. Hayes*, No. CRIM.A. 01-311, 2013 WL 5328874, at *1 (E.D. La. Sept. 20, 2013) (denying early termination where defendant failed to present any "extraordinary circumstances" meriting termination); *United States v. Landry*, No. CRIM. A. 96-97, 1999 WL 605476, at *1 (E.D. La. Aug. 11, 1999) (granting early termination where the conditions of supervised release prohibited defendant from returning to his line of work). If Mr. Cyprian's probation officer believes the terms of Cyprian's supervised release are too onerous, his reporting requirements may be modified.

IV. **CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that Scott Cyprian's motion for early termination of supervised release be **DENIED**.

New Orleans, Louisiana this 30th day of March, 2020.

                                                          Eldon E. Fallon
                                          United States District Judge